ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

JAMES F. CLARKE vs. JOHN P. ZETTICK.

Bristol.    October 30, 1890. — January 8, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Slander — Declaration — Demurrer.*

A declaration for slander in accusing the plaintiff of forgery averred that the defendant, in the presence of bystanders, read an account in which he had credited the plaintiff with certain payments of rent; that thereupon the plaintiff, saying that he had receipts signed by the defendant for payments of rent not thus credited, produced such receipts; and that then the defendant said to the plaintiff, "If you have any receipts different from what I have read, you have forged them." *Held,* that the declaration showed that the defendant accused the plaintiff of forging receipts for the payment of money, and was sufficient under the Pub. Sts. c. 167, § 94, on general demurrer.

TORT for slander.    The declaration, omitting an averment of special damage, was as follows:

"And the plaintiff says that the defendant publicly falsely and maliciously accused the plaintiff of the crime of forgery by words spoken of the plaintiff substantially as follows: ' If you have any receipts different from what I have read, you have forged them.'    And the plaintiff further says, that the defendant publicly, and in the presence of other persons, demanded a certain sum of money alleged to be due the defendant from the

plaintiff for rent; that the defendant then and there read aloud a certain paper, claiming the same to be a true account between the defendant and plaintiff; that in said account the plaintiff was credited with certain payments; that the plaintiff then produced receipts signed by the defendant for payments not credited in said account, and thereupon the plaintiff also said to defendant that the plaintiff had receipts for payments not credited to him; and thereupon the defendant said publicly, and in presence of others, 'If you (meaning the plaintiff) have any receipts different from what I have read and different from my account, you (meaning the plaintiff) have forged them.'"

The defendant demurred to the declaration on the ground that it did not set forth a legal cause of action, for that the words used by the defendant of and concerning the plaintiff, as set forth in such declaration, did not constitute an accusation of the crime of forgery.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*L. LeB. Holmes & E. D. Stetson,* for the plaintiff.

*R. F. Raymond,* for the defendant.

W. ALLEN, J. In the Schedule of Forms in the Practice Act, (Pub. Sts. c. 167, § 94, Forms of Declarations in Actions of Tort,) it is provided that in a declaration for slander the words shall be set forth, and that no innuendoes are necessary, and that if further explanation or reference to facts understood, but not mentioned, or parts of the conversation not mentioned, are necessary to the understanding of the words, the declaration shall contain a concise and clear statement of such things as are necessary to make the words relied on intelligible to the court and jury in the same sense in which they were spoken. The declaration in the case at bar alleges that the defendant accused the plaintiff of the crime of forgery by the words spoken of the plaintiff, " If you have any receipts different from what I have read, you have forged them." These words may or may not import a charge of forgery. The sense in which they were spoken, the meaning which they would naturally bear to those by whom they were heard, must be found in the context and the attending facts. The declaration alleges in substance that the defendant

presented an account for rent against the plaintiff, in which the plaintiff was credited with certain payments, and that the plaintiff said he had receipts for payments not credited to him in the account. If this had been all, the explanation given of the words in the argument for the defendant would have been appropriate, — that the words may have been used in the sense of denying that the plaintiff had any receipts purporting to be signed by the defendant, and at most as charging that the plaintiff had either lied or committed forgery. But this argument overlooks the very material allegation, not merely that the plaintiff said that he had receipts not credited to him, but " that the plaintiff then produced receipts signed by the defendant for payments not credited in said account," and thereupon the words were spoken by the defendant. The allegations that the words were spoken of the receipts produced, that they were understood by the hearers to refer to the receipts shown, and that the defendant meant by them that the plaintiff forged the receipts, are unnecessary, if not improper, under the statute. The facts stated must be sufficient to show that a charge of forgery was meant, and to justify the finding by a jury that that was the meaning of the language used. *Twombly* v. *Monroe,* 136 Mass. 464. We think that is the natural inference from the facts alleged in the declaration. The allegation that the plaintiff produced the receipts is a sufficient allegation, on general demurrer, that he had the receipts, and that it was known to the defendant and to the bystanders that he had them. In view of the context and of the facts, the assertion, that if the plaintiff had receipts he had forged them, seems a plain and strong assertion that he had forged them, as direct as if the words had been, " As sure as you have them, you forged them," or as if the hypothesis or condition had been in the words, " If you are a living man."

*Judgment reversed, and demurrer overruled.*